IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY, a/s/o BARBARA FORD,<br><br>　　　Plaintiff,<br><br>v.<br><br>AIR VENT, INC., DM (Asia) LTD., POWERMAX ELECTRONIC CO., LTD. Guandong, and KING OF FANS, INC.,<br><br>　　　Defendants. | Case No.: 1:20-cv-00802-RDB |

## DEFENDANT KING OF FANS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant King of Fans, Inc., through its undersigned counsel, in the above-captioned action, and for its Answer to Plaintiff's Complaint, herein states and alleges as follows:

### Answer

1.　King of Fans denies each and every allegation, statement, matter, and thing contained in the Complaint, including matters contained within the headings or subheadings, except as expressly and specifically admitted, explained, alleged, qualified, stated, or otherwise answered.

2.　King of Fans is without sufficient knowledge or information to either admit or deny the allegations in paragraphs 1-9 and 12-16 of the Complaint and therefore King of Fans denies the allegations and puts Plaintiff to its strict burden of proving those allegations. In addition, the allegations in paragraphs 1-9 and 12-16 of the Complaint contain legal conclusions

to which no responses are necessary and King of Fans puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

3. In response to the allegations in paragraph 10 of the Complaint, King of Fans admits that it is a Florida domestic corporation and maintains its principal place of business at 1951 NW 22nd Street in Ft. Lauderdale, Florida. The allegations in paragraph 10 of the Complaint also contain legal conclusions to which no responses are necessary and Plaintiff is put to its strict burden of proving the legal conclusions set forth therein.

4. King of Fans denies the allegations in paragraph 11 of the Complaint.

5. In response to paragraph 17 of the Complaint, King of Fans denies the allegations directed to it. The remaining allegations in paragraph 17 are not directed to King of Fans and, therefore, do not require responses from King of Fans. Nonetheless, King of Fans is without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 17 and therefore King of Fans denies the allegations and puts the Plaintiff to its strict burden of proving those allegations. The allegations in paragraph 17 of the Complaint also contain legal conclusions to which no responses are necessary and Plaintiff is put to its strict burden of proving the legal conclusions set forth therein.

6. In response to paragraph 18 of the Complaint, King of Fans denies the allegations directed to it. The remaining allegations in paragraph 18 are not directed to King of Fans and, therefore, do not require responses from King of Fans. Nonetheless, King of Fans is without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 18 and therefore King of Fans denies the allegations and puts the Plaintiff to its strict burden of proving those allegations. The allegations in paragraph 18 of the Complaint also contain legal conclusions to which no responses are necessary and Plaintiff is put to its strict

burden of proving the legal conclusions set forth therein.

7. In response to paragraph 19 of the Complaint, King of Fans denies the allegations directed to it.  The remaining allegations in paragraph 19 are not directed to King of Fans and, therefore, do not require responses from King of Fans. Nonetheless, King of Fans is without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 19 and therefore King of Fans denies the allegations and puts the Plaintiff to its strict burden of proving those allegations. The allegations in paragraph 19 of the Complaint also contain legal conclusions to which no responses are necessary and Plaintiff is put to its strict burden of proving the legal conclusions set forth therein.

8. In response to paragraph 20 of the Complaint, King of Fans denies the allegations directed to it. The remaining allegations in paragraph 20 are not directed to King of Fans and, therefore, do not require responses from King of Fans. Nonetheless, King of Fans is without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 20 and therefore King of Fans denies the allegations and puts the Plaintiff to its strict burden of proving those allegations. The allegations in paragraph 20 of the Complaint also contain legal conclusions to which no responses are necessary and Plaintiff is put to its strict burden of proving the legal conclusions set forth therein.

9. In response to paragraph 21 of the Complaint, King of Fans denies the allegations directed to it.  The remaining allegations in paragraph 21 are not directed to King of Fans and, therefore, do not require responses from King of Fans. Nonetheless, King of Fans is without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 21 and therefore King of Fans denies the allegations and puts the Plaintiff to its strict burden of proving those allegations. The allegations in paragraph 21 of the Complaint also

contain legal conclusions to which no responses are necessary and Plaintiff is put to its strict burden of proving the legal conclusions set forth therein.

### Causes of Action
### Count I – Strict Liability
### Design Defect
### (Against All Defendants)

10. In response to paragraph 22 of the Complaint, King of Fans restates, re-alleges, and incorporates by reference paragraphs 1-9 of this Answer as if fully set forth herein.

11. King of Fans denies all allegations directed or related to it in Count I, Strict Liability, Design Defect, paragraphs 22-33, of the Complaint.

12. Further, the allegations in Count I, Strict Liability, Design Defect, paragraphs 22-33 of the Complaint, include legal conclusions to which no responses are necessary and King of Fans puts Plaintiffs to its strict burden of proving the legal conclusions set forth therein.

### Count II – Strict Liability
### Manufacture Defect
### (Against All Defendants)

13. In response to paragraph 41 of the Complaint, King of Fans restates, re-alleges, and incorporates by reference paragraphs 1-12 of this Answer as if fully set forth herein.

14. King of Fans denies all allegations directed or related to it in Count II, Strict Liability, Manufacture Defect, paragraphs 41-52, of the Complaint.

15. Further, the allegations in Count II, Strict Liability, Manufacture Defect, paragraphs 41-52 of the Complaint, include legal conclusions to which no responses are necessary and King of Fans puts Plaintiffs to its strict burden of proving the legal conclusions set forth therein.

### Count III – Negligence
### Negligent Design
### (Against All Defendants)

16. In response to paragraph 53 of the Complaint, King of Fans restates, re-alleges, and incorporates by reference paragraphs 1-15 of this Answer as if fully set forth herein.

17. King of Fans denies all allegations directed or related to it in Count III, Negligence, Negligent Design, paragraphs 53-65, of the Complaint.

18. Further, the allegations in Count III, Negligence, Negligent Design, paragraphs 53-65 of the Complaint, include legal conclusions to which no responses are necessary and King of Fans puts Plaintiffs to its strict burden of proving the legal conclusions set forth therein.

### Count IV – Negligence
### Negligence Manufacture
### (Against All Defendants)

19. In response to paragraph 66 of the Complaint, King of Fans restates, re-alleges, and incorporates by reference paragraphs 1-18 of this Answer as if fully set forth herein.

20. King of Fans denies all allegations directed or related to it in Count IV, Negligence, Negligence Manufacture, paragraphs 66-78, of the Complaint.

21. Further, the allegations in Count IV, Negligence, Negligence Manufacture, paragraphs 66-78 of the Complaint, include legal conclusions to which no responses are necessary and King of Fans puts Plaintiffs to its strict burden of proving the legal conclusions set forth therein.

### Count V – Breach Warranty
### (Against All Defendants)

22. In response to paragraph 79 of the Complaint, King of Fans restates, re-alleges, and incorporates by reference paragraphs 1-21 of this Answer as if fully set forth herein.

23. King of Fans denies all allegations directed or related to it in Count V, Breach Warranty, paragraphs 79-88, of the Complaint.

24. Further, the allegations in Count V, Breach Warranty, paragraphs 79-88 of the Complaint, include legal conclusions to which no responses are necessary and King of Fans puts Plaintiffs to its strict burden of proving the legal conclusions set forth therein.

## Affirmative & Other Defenses

25. King of Fans restates, re-alleges, and incorporates by reference paragraphs 1-24 of its Answer to the Complaint as if fully set forth herein. King of Fans also asserts the following defenses, affirmative or otherwise, in response to the allegations in the Complaint:

26. If Plaintiff sustained any injury or damages as alleged, the same was caused by and through the acts, omissions, or breaches of warranty of a third-party or persons, for whose conduct King of Fans is not legally responsible.

27. Plaintiff's alleged injuries and damages were caused in whole or in part by its own negligence or contributory fault such that any recovery should be reduced or barred.

28. To the extent that King of Fans had any obligations to Plaintiff, such obligations have been fully, completely, and properly performed in every respect.

29. Plaintiff failed to join all persons or parties necessary for a just adjudication of the controversy.

30. Plaintiff's claims are barred or limited because the product or products in question were abused, misused, or were not being used in the manner or for the purpose intended, were not properly maintained, or were utilized in an unsafe manner.

31. Plaintiff's claims are barred or limited in that the product(s) in question were substantially modified, substantially altered, or materially altered prior to the alleged incident,

thereby barring recovery.

32. Pursuant to Comment j. to § 402A in the Restatement (Second) of Torts, at all relevant times, the products allegedly sold or provided by King of Fans were reasonably safe and reasonably fit for their intended purpose and use.

33. All promises and obligations arising under all applicable warranties of merchantability were performed and fulfilled, and therefore, Plaintiff is barred from recovery.

34. King of Fans denies liability for any implied warranty of merchantability, since all goods allegedly sold by King of Fans were fit for the ordinary purpose for which such goods are used and were of merchantable quality.

35. King of Fans denies liability for any warranty of fitness for a particular purpose because all goods allegedly sold by King of Fans were fit for the particular purpose for which such goods are used.

36. All alleged promises or affirmations of fact made on the product, if any, were conformed to, and therefore, Plaintiff is barred from recovery.

37. If it is proven that the product was defective, then Plaintiff unreasonably proceeded to use a product it knew to be defective, and that conduct was the substantial contributing cause of the alleged injury and damage.

38. Plaintiff's claims for breach of warranty are barred because it failed to give timely notice of the alleged breach, which failure was prejudicial.

39. Plaintiff failed to take all reasonable measures to mitigate its damages such that any recovery should be reduced or barred.

40. The economic loss doctrine precludes or reduces recovery for the alleged injuries.

41. If Plaintiff sustained damages as alleged, such damages were caused by the

intervening and superseding conduct of a third party for whom King of Fans is not legally responsible.

42. The alleged defective product or part thereof is not in existence and King of Fans has been prejudiced in its ability to examine, test, and determine any alleged defect, damage, or modification.

43. If Plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to Plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of their work and not due to any negligence or fault on the part of King of Fans nor any person or persons for whom King of Fans may be legally responsible.

44. Plaintiff was negligent and caused the alleged injuries. As such, its claims are barred or reduced by application of contributory negligence or comparative fault.

45. Plaintiff's claims are barred because it was a sophisticated user or learned intermediary of the products that it allegedly purchased from King of Fans.

46. Plaintiff's claims may be barred by any terms and conditions of sale for the alleged product.

47. King of Fans asserts all other affirmative defenses contemplated by the Federal Rules of Civil Procedure.

48. King of Fans reserves its right to assert additional affirmative defenses based on evidence disclosed during discovery or otherwise.

49. Plaintiff's claims are barred by assumption of risk.

50. Plaintiff failed to notify King of Fans of its potential claims and failed to notify King of Fans of the modification of the incident site giving rise to the allegations against King of

Fans and, therefore, Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation of evidence.

51. Plaintiff's claims are barred by the doctrines of waiver, laches, or estoppel.

52. Plaintiff's claims are barred by the doctrine of unclean hands.

53. Plaintiff's claims are barred by the doctrines of accord and satisfaction.

54. Plaintiff's claims are barred by the applicable statutes of limitations and repose.

55. The Complaint and each respective count therein fail to state a cause of action for which relief can be granted.

56. King of Fans did not design, manufacture, distribute, sell, market, fabricate, inspect, test, or otherwise supply the alleged product that is the subject of this litigation.

57. Plaintiff's claims are barred in whole or in part by the terms, conditions, and exclusions of any and all applicable contracts, warranties, and insurance policies.

## Prayer for Relief

WHEREFORE, Defendant, King of Fans, Inc., requests judgment of the Court as follows:

1. Dismissing the Complaint with prejudice and on the merits;

2. Awarding Defendant King of Fans, Inc. its costs, disbursements, and reasonable attorneys' fees incurred herein; and

3. Granting Defendant King of Fans, Inc. such other relief as the Court deems equitable and just.

                Respectfully submitted,

                **JACKSON CAMPBELL, P.C.**

Dated: April 28, 2020  By: */s/Zachary L. Chapman*
                Daniel J. Lynn, Esq. (MD No. 20170)
                Zachary L. Chapman, Esq, (MD No. 20329)
                1120 20th Street NW, South Tower
                Washington, DC 20036
                P:  (202) 457-1600
                F:  (202) 457-1678
                E:  dlynn@jackscamp.com
                E:  zchapman@jackscamp.com
                *Local Counsel for Defendant King of Fans, Inc.*

                and

                **MEAGHER & GEER, P.L.L.P.**
                Chad J. Stepan, Esq. (MN No. 0279535)
                (*Pro Hac Vice* Admission Forthcoming)
                David E. Bridges, Esq. (MN No. 0397004)
                (*Pro Hac Vice* Admission Pending)
                33 South Sixth Street, Suite 4400
                Minneapolis, MN 55402
                P:  (612) 338-0661
                F:  (612) 338-8384
                E:  ctspan@meagher.com
                E:  dbridges@meagher.com
                *Lead Counsel for Defendant King of Fans, Inc.*


## Certificate of Service

 I hereby certify that a true and correct copy of the foregoing has been served electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record, pursuant to the Federal Rules of Civil Procedure.

                **JACKSON CAMPBELL, P.C.**

Dated: April 28, 2020  By: */s/ Zachary L. Chapman*