UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HARLEYSVILLE WORCESTER　　　　　＊
INSURANCE COMPANY, as subrogee of
BARBARA FORD,　　　　　　　　　　＊

　　　Plaintiff,　　　　　　　　　　＊

v.　　　　　　　　　　　　　　　　＊　　　**Case No.:　1:20-cv-00802-RDB**

AIR VENT, INC., *et al.*,　　　　　　＊

　　　Defendants.　　　　　　　　　　＊

＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION ON POWERMAX ELECTRICAL CO. LTD.**

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| STATEMENT OF FACTS | | 1 |
| A. | Nature of Claim | 1 |
| B. | Powermax's Lack of Contacts with Maryland | 2 |
| | 1. No Specific Jurisdiction Over Non-Resident Powermax | 2 |
| | 2. No General Jurisdiction Over Non-Resident Powermax | 2 |
| ARGUMENT | | 3 |
| | NON-RESIDENT POWERMAX IS ENTITLED TO DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2) | 3 |
| A. | Standard for Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) | 3 |
| B. | This Court Lacks Specific Jurisdiction Over Non-Resident Defendant Powermax Because Plaintiff's Claims Do Not Arise from any Alleged Contacts by or on Behalf of Powermax with Maryland | 4 |
| C. | This Court Lacks General Jurisdiction Over Non-Resident Defendant Powermax Because Powermax is Not "At Home" in Maryland. | 7 |
| CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court*
  137 S. Ct. 1773, 198 L.Ed. 2d 395, 2017 U.S. LEXIS 3873 (2017) .................................. 5, 6, 9

*Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*
  259 F.3d 209, 215 (4th Cir. 2001) ............................................................................................. 4

*Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood*
  821 F. App'x *243 (4th Cir. 2020)* ......................................................................................... 5, 6

*Combs v. Bakker*
  886 F.2d 673 (4th Cir. 1989) .................................................................................................... 4

*Daimler AG*
  134 S. Ct. at 760 .................................................................................................................. 9, 10

*ESAB Grp., Inc. v. Zurich Ins. PLC*
  685 F.3d 376, 392 (4th Cir. 2012) ......................................................................................... 6, 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
  564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) ................................................ 5, 9, 10

*International Shoe Co. v. Washington*
  326 U.S. 310 (1945) .................................................................................................................. 5

*J. McIntyre Machinery, Ltd. v. Nicastro*
  131 S. Ct. 2780, 2788 (2011) .................................................................................................... 6

*Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*
  24 F.3d 619 (4th Cir. 1997) ................................................................................................... 3, 4

*Patterson v. F.B.I.*
  893 F.2d 595 (3d Cir. 1990) ...................................................................................................... 4

*Stover v. O'Connell Assocs. Inc.*
  84 F.3d 132, 134 (4th Cir. 1994) ............................................................................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................................................... 1

## PRELIMINARY STATEMENT

Defendant Powermax Electrical Co., Ltd., Guangdong (hereinafter "Powermax") is a non-resident defendant entitled to dismissal of Plaintiff Harleysville Worcester Insurance Company's ("Plaintiff") as subrogee of Barbara Ford's First Amended Complaint for lack of personal jurisdiction under Rule 12(b), Fed. R. Civ. P. Ms. Ford alleges that on January 23, 2018, she sustained damage to her personal residence and real property located in Maryland as the result of a failed attic fan that caused a fire. Plaintiff Harleysville Worcester Insurance Company insured Ms. Ford. Plaintiff alleges that the subject attic ventilation fan was manufactured by the named defendants, which includes Powermax. Plaintiff cannot proceed with its claims against Powermax because Plaintiff cannot prove that this Court has either specific or general jurisdiction over Powermax.

Plaintiff cannot establish general jurisdiction because Powermax is not "at home" in Maryland. Powermax is a corporation organized and existing under the laws of the People's Republic of China. Powermax maintains its principal place of business at 1-2 Region, South of Qibao Industries, Xinhui District, Jiangmen City, Guangdong, China 529100. Likewise, Plaintiff cannot establish specific jurisdiction because its claims against Powermax do not arise from any alleged Powermax contacts with Maryland. Powermax did not sell or otherwise distribute any subject components to the attic fan in Maryland. Accordingly, Defendant Powermax Electric Co., Ltd. is entitled to dismissal of Plaintiff's First Amended Complaint and any and all claims asserted against it with prejudice for lack of personal jurisdiction pursuant to Rule 12(b), Fed. R. Civ. P.

## STATEMENT OF FACTS

### A. Nature of Claims

Plaintiff alleges that on January 23, 2018, Ms. Ford sustained damage to her personal residence and real property as the result of a failed attic fan that caused a fire. (*See* Plaintiff's First

Amended Complaint, filed on July 27, 2020, D.E. 25.) Plaintiff asserts that Defendant was engaged in the design, manufacture, assembly sale and/or supply of ventilation fans, including the APGH Air Vent fan. (Plaintiff's First Amended Complaint ¶ 5.) Plaintiff alleges, *inter alia*, that Powermax Electric Co., Ltd. designed, manufactured, sold or otherwise supplied the attic fan installed in Ms. Ford's residence. (Plaintiff's First Amended Complaint ¶ 8.)

  **B.** **Powermax's Lack of Contacts with Maryland**

    1. <u>No Specific Jurisdiction Over Non-Resident Powermax</u>

Powermax is in the business of designing, manufacturing and selling electric motors for various applications, including use in attic vent fans. (*See* Exhibit A, Declaration of Stephy Tsui, dated March 19, 2021, ¶ 7.) Powermax sells these motors to DM (Asia), who accepts delivery of the equipment in China and ships it to the United States. *See id.* Powermax did not sell, ship, or otherwise distribute an attic fan motor to Plaintiff or anyone with a Maryland address at any time. (*Id.* at ¶ 9.)

    2. <u>No General Jurisdiction Over Non-Resident Powermax</u>

Powermax is not "at home" in Maryland. (*Id.* at ¶ 5, 9.) Powermax is a non-resident corporation organized and existing under the laws of the People's Republic of China. (*Id.; see also* Plaintiff's First Amended Complaint ¶ 8.) Powermax has not designated an agent for service in Maryland. (Exhibit A at ¶ 27.) Powermax is not licensed, authorized or registered to conduct business in Maryland. (*Id.* at ¶ 19.) Powermax does not, nor has it ever maintained, offices or other facilities in Maryland. (*Id.* at ¶ 15.) Powermax does not maintain, nor has it ever maintained, a physical location or mailing address in Maryland. (*Id.* at ¶ 15.) Powermax does not own, and has never owned, any personal or real property in Maryland. (*Id.* at ¶ 15.) Powermax does not, nor has it ever had, any directors, officers, employees, or agents employed/retained in Maryland. (*Id.* at ¶ 23.) Powermax does not maintain, nor has it ever maintained, any bank accounts, stocks,

securities, or other assets in Maryland. (*Id.* at ¶ 18.) Powermax has never maintained a website that it created and maintained for purposes of any direct sales to any Maryland individuals or entities. (*Id.* at ¶ 14.) Finally, Powermax has never previously consented to personal jurisdiction in any Courts of the State of Maryland. (*Id.* at ¶ 30.)

Based upon the facts enumerated above and legal authority set forth below, the Court should dismiss Plaintiff's First Amended Complaint and any and all claims asserted against Powermax for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## ARGUMENT

### NON-RESIDENT POWERMAX IS ENTITLED TO DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2).

**A.　　Standard for Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2).**

A motion to dismiss for lack of personal jurisdiction is governed by the Federal Rule of Civil Procedure 12(b)(2). Plaintiff bears the burden to prove facts sufficient to establish personal jurisdiction by a preponderance of the evidence. *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.),* 124 F.3d 619 (4th Cir. 1997); *Combs v. Bakker,* 886 F.2d 673 (4th Cir. 1989). Although Plaintiff is entitled to have specific allegations treated as true and genuine disputes of fact resolved in its favor, "bare pleadings alone" are not sufficient to withstand a motion pursuant to Rule 12(b)(2). *Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990).

A federal court sitting in diversity must follow a two-step inquiry to determine personal jurisdiction: first, the court must apply the forum state's long-arm statute and, second, the court must apply the Due Process Clause of the United States Constitution. *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); *Stover v. O'Connell Assocs. Inc.*, 84 F.3d 132, 134 (4th Cir. 1994). In this District, this inquiry is reduced

to a single step because Maryland's long-arm statute permits jurisdiction to the full extent of the "Due Process Clause" of the United States Constitution. *Bond v. Messerman*, 391 Md. 706, 895 (Md. 2006). The Due Process Clause allows a court to exercise personal jurisdiction over a defendant if the defendant has 'certain minimum contacts . . . such that that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390 (4th Cir. 2003)*(citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

> **B.  This Court Lacks Specific Jurisdiction Over Non-Resident Defendant Powermax because Plaintiff's Claims Do Not Arise from any Alleged Contacts by or on Behalf of Powermax with Maryland.**

The Supreme Court recognizes "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, (2017) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)); *see Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood,* 821 F. App'x *243 (4th Cir. 2020)*. In order for a court to exercise specific jurisdiction, "the *suit* must 'arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb Co*., 198 L. Ed. 2d at 403 [citations omitted]. "In other words, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State . . . ." *Id.* [citation omitted]. "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (citation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 404 (citation omitted). "Even

4

regularly occurring sales of a product in a State do not justify the exercise of jurisdiction of a claim unrelated to those sales." *Id.* (citation omitted).

The Supreme Court has held "that a defendant's placing goods in the stream of commerce 'with the expectation that they will be purchased by consumers within the forum State' may indicate purposeful availment . . . . But that statement does not amend the general rule of personal jurisdiction. It merely observes that a defendant may in an appropriate case be subject to jurisdiction without entering the forum as where manufacturers or distributors 'seek to serve' a given State's market." *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (internal citation omitted); *see also ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 392 (4th Cir. 2012). Most significantly, "as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Machinery, Ltd.* at 2788. [The Supreme] Court's precedents make clear that it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment." *Id*. at 2789. The Court further stated that "personal jurisdiction requires a forum-by-forum, or a sovereign-by-sovereign analysis…[and] [t]he question is whether a defendant has followed a course of conduct directed at the sovereign…." *Id*.

In *J. McIntyre Machinery, Ltd*, the Supreme Court held that the defendant, a British manufacturer of a metal shearing machine that plaintiff claimed was defective and injured his hand, was not subject to the personal jurisdiction of the New Jersey Courts. *Id.* There, a United States distributor sold the defendants machines in the United States, the defendant's employees attended trade shows in the United States, and no more than 4 machines manufactured by the defendant, ended up in the state of New Jersey. The Supreme Court noted that defendant did not have any contact with the state other than the fact its product was sold to a New Jersey resident. Accordingly,

5

the Supreme Court held that the defendant foreign manufacturer did not engage in any activities in New Jersey that revealed an intent to invoke or benefit from the protection of the State's laws, and, therefore, the exercise of personal jurisdiction over the defendant would violate due process. *Id*.

Here, Plaintiff cannot establish specific jurisdiction over non-resident Powermax because Plaintiff's claims do not arise from any alleged Powermax contacts with Maryland. Plaintiff Harleysville Worcester Insurance Company, as subrogee of Barbara Ford, alleges that on January 23, 2018, a fire occurred at Ms. Ford's home in Maryland that was a "direct and proximate result of Defendants' [defective design and manufacture]" of an attic ventilation fan. (Plaintiff's First Amended Complaint ¶ 30.) Plaintiff's First Amended Complaint alleges, *inter alia*, that the fan was designed, manufactured, sold, or otherwise supplied by Powermax and, or, the other named defendants. (*Id.* at ¶ 29.) <u>Plaintiff acknowledges that Powermax is a corporation organized and existing under the laws of the People's Republic of China</u>, with its principal place of business at 1-2 Region, South of Qibao Industries, Xinhui District, Jiangmen City, Guangdong, China 529100. (*See id.* at ¶ 8.) Plaintiff generally alleges that Defendant placed the fan "in the stream of commerce", but there are no specific allegations that Powermax sold, shipped, or otherwise distributed an attic fan (or its motor) to Plaintiff or anyone in or with a Maryland address at any time. (**Exhibit A**, ¶¶ 11–12.) Although Powermax is in the business of designing, manufacturing and selling electric motors that are sometimes used in attic ventilation fans, Powermax sells these motors to DM (Asia), who accepts delivery of the equipment in China and ships it to the United States. (*Id.* at ¶ 10.) Even if the motor in the fan at issue was manufactured by Powermax—which Powermax does not concede—Powermax did not sell the electric motor forming any basis of this lawsuit directly to any Maryland entity or individual or to any person or entity in the United States,

for that matter. (*Id.* at ¶¶ 11-14.) In short, Plaintiff's claims do not arise from any Powermax contacts with Maryland, and therefore, Plaintiff cannot establish specific jurisdiction to proceed with its claims against Powermax. (*Id.*)

> C. **This Court Lacks General Jurisdiction Over Non-Resident Defendant Powermax because Powermax Is Not "At Home" in Maryland.**

Likewise, Plaintiff cannot resort to general jurisdiction to proceed with its claims against Powermax because Powermax is not "at home" in Maryland. (*See* Exhibit A, ¶¶ 9, 11-30.) Powermax is not incorporated, headquartered, or otherwise "at home" in Maryland. (*Id.*) A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co.*, 198 L.Ed. 2d at 403. "But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that state." *Id.* [citations omitted]. Recently, the Supreme Court clarified the limits of general jurisdiction. *Id.*; s*ee also Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as home." *Id.* (citations omitted). The Supreme Court specified "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction." *Id.* (*citing Goodyear*, 180 L. Ed. 2d at 806). The Court explained, "[t]hose affiliations have the virtue of being unique—that is, each ordinarily indicates only one place--as well as easily ascertainable." *Id.*

In *Daimler*, the Supreme Court made clear that <u>general jurisdiction is now generally limited to places of incorporation and principal places of business where the Defendant is "at home."</u> The Court expressly rejected Plaintiffs' contention that a Court should "look beyond the exemplar bases Goodyear identified, and approve the exercise of general jurisdiction in every State in which

7

a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Id.* at 760–61. The Court explained that "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Id.* at 761 (*citing Goodyear*, 180 L. Ed. 2d at 803). Thus, "the general jurisdiction inquiry does not 'focus solely on the magnitude of the defendant's in-state contacts . . . [g]eneral jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.* at 762, n.20. The Court explained, "[a] corporation that operates in many places can scarcely be deemed at home in all of them . . . [o]therwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.* (citation omitted).

Likewise, in the present case, Plaintiff cannot rely upon general jurisdiction to proceed with its claims because Powermax is *not* incorporated, headquartered, or otherwise "at home" in Maryland. (*See* Exhibit A, ¶¶ 11-30.) Powermax is a corporation organized and existing under the laws of the People's Republic of China. (*Id.*) Powermax maintains its principal place of business at 1-2 Region, South of Qibao Industries, Xinhui District, Jiangmen City, Guangdong, China 529100. (*Id.*) Powermax has no place of business in Maryland, nor does it maintain any mailing address, warehouse, or office in Maryland. (*See* Exhibit A, ¶ 15.) Powermax does not maintain, nor has it ever maintained, a physical location or mailing address in Maryland. (*Id.* at ¶ 15.) Powermax does not own, and has never owned, any personal or real property in Maryland. (*Id.* at ¶ 15.) Powermax does not maintain, nor has it ever maintained, any bank accounts, stocks, securities, or other assets in Maryland. (*Id.* at ¶ 18.) Powermax is not registered to conduct business in Maryland. (*Id.* at ¶ 19.) Powermax does not, nor has it ever had, any directors, officers,

employees, or agents employed/retained in Maryland. (*Id.* at ¶ 20.) Powermax has not designated an agent for service in Maryland. (*Id.* at ¶ 27.) Powermax has never previously consented to personal jurisdiction in any Courts within the State of Maryland. (*Id.* at ¶ 30.)

In short, this Court lacks general jurisdiction over non-resident Powermax for Plaintiff, or any party to this action, to proceed with any claims against it. Accordingly, the Court should dismiss all claims against Defendant Powermax with prejudice for lack of personal jurisdiction under Rule 12(b), Fed. R. Civ. P.

## CONCLUSION

For all the reasons set forth above, Defendant Powermax Electrical Co., Ltd. respectfully requests that the Court grant its Motion to Dismiss Complaint in its entirety and with prejudice for lack of personal jurisdiction pursuant to Rule 12(b), Fed, R. Civ. P.

Respectfully submitted,

*/s/ William H. White Jr.*
William H. White Jr. (#13969)
Jeremy C. Huang (#18193)
Kiernan Trebach LLP
1233 20th Street NW, 8th Floor
Washington, D.C. 20036
(202) 712-7000
wwhite@kiernantrebach.com
jhuang@kiernantrebach.com
**Counsel for Defendant**
**Powermax Electric Co., Ltd., Guandong**