# EXHIBIT 1

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
04/09/2021 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-055445                                                              04/08/2021


                                                              CLERK OF THE COURT
HONORABLE JACKI IRELAND                                              D. Tapia
FOR HONORABLE SALLY SCHNEIDER                                        Deputy
DUNCAN


ALLSTATE INSURANCE COMPANY              DANIEL C QUIJANO

v.

AIR VENT INC, et al.                    GREGORY A ROSENTHAL



                                        TAYLOR H ALLIN
                                        DAVID E. BRIDGES
                                        BESSE H MCDONALD
                                        CHAD J STEPAN
                                        JUDGE DUNCAN



**MINUTE ENTRY**

The court has considered Third-Party Defendant Powermax Electric Co., Ltd., Guangdong's ("Powermax") Motion to Dismiss for Lack of Personal Jurisdiction, Third-Party Plaintiff Air Vent, Inc.'s ("AVI") Response to Motion to Dismiss, Powermax's Reply, and the parties' arguments from oral argument.

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must offer "facts establishing a *prima facie* showing of jurisdiction." *Beverage v. Pullman & Comley LLC*, 232 Ariz. 414, 417 ¶10 (App. 2013)(quotation marks and citation omitted)(order affirmed as modified in *Beverage v. Pullman & Comley LLC,* 234 Ariz. 1 (2014)).  If the plaintiff is successful, the burden then shifts to the defendant to rebut the showing. *Id. (citing Arizona Title, LLC v. Berger,* 223 Ariz. 491, 493 ¶8 (App. 2010).  In analyzing the facts, the court construes the allegations in a light most favorable to AVI, drawing the most favorable inferences for the existence of jurisdiction.  *See Planning Grp of Scottsdale, LLC v. Lake Mathews Mineral Props., Ltd.,* 226 Ariz. 262, 264 n.1 ¶2 (2011)(in reviewing a motion to dismiss for lack of personal

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-055445                                                                04/08/2021

jurisdiction, the trial court views "the facts in the light most favorable to the plaintiffs but accepts [ ] as true the un-contradicted facts put forward by the defendants."). In entering this order, the court resolved the conflicts that existed in the affidavits in the favor of Third-Party Plaintiff AVI. *See Macpherson v. Taglione,* 158 Ariz. 309, 312 (App. 1988)("Those conflicts that exist in the affidavits and pleadings must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established)(internal markings and citation omitted).

In the Third-Party Complaint and Response to the Motion to Dismiss, Third-Party Plaintiff AVI alleged the following:

- A fire occurred at the Plaintiff's home on or about April 6, 2018, in Maricopa County, Arizona. *See* Amended Answer, Cross-Claim and Third-Party Complaint of AVI, ¶11.
- Plaintiff alleges that AVI manufactured, distributed, marketed, sold, assembled, designed and/or otherwise placed into the stream of commerce, an attic ventilation fan containing a fan motor. *Id*. at ¶9.
- Plaintiff alleges that the product (containing the fan motor) failed, resulting in a fire causing significant damage to Plaintiff's property. *Id*. at ¶11.
- AVI is a Delaware company authorized to do business in Arizona. *Id*. at p.5 ¶1.
- AVI manufactures and sells several products, including powered attic ventilation products, some of which include ventilation fans powered by electric motors. *See* Response at Exhibit A at ¶2.
- All electric powered attic ventilation fans sold by AVI include fan motors designed and manufactured by third parties. All third-party motor manufacturers design, manufacture and sell their motors to AVI and other fan manufacturers. All fan motors included in AVI fans are purchased by AVI from third-parties as completely assembled, ready to install units. All motors purchased by AVI for inclusion in its electric ventilation fans are represented by the motor manufacturers to comply with all UL requirements for manufacturing and safety. *Id* at ¶2.
- Powermax is a foreign corporation based in China that designed, manufactured and/or otherwise placed the subject fan motor in the stream of commerce. *See* Amended Answer, Cross-Claim and Third-Party Complaint at p.5 ¶2.
- Powermax is a joint venture with Cross-Defendant King of Fans ("KOF"), Chien Luen and Direct Marketing Asia, Ltd ("DMA"). *Id*. at p.5 ¶3.
- From 2003-12, AVI purchased approximately 2,879,733 electric motors from Powermax. *See* Response at Exhibit A at ¶3.
- All Powermax fan motors were designed, manufactured, marketed and sold by Powermax in Guangdong, China and were shipped directly to AVI from the Powermax facility in Guangdong, China. *Id*.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-055445                                                              04/08/2021

- Some of the sales of Powermax motors to AVI were arranged through Powermax's agent/joint venture DMA.  *Id* at. ¶4
- DMA is not a manufacturer and has no manufacturing facility. *Id* at ¶5.
- All fan motors manufactured by Powermax for AVI were purchased in bulk through the issuance of purchase orders to DMA, the marketing agent/partner for Powermax. *Id*.
- Underwriters Laboratory issued a follow-up service procedure which was provided to DMA and AVI.  This UL document identifies Powermax as the sole manufacturing facility for all electric fan motors sold by or through DMA.  *Id* at ¶6.
- From 2003-11, Powermax periodically sent invoices directly to AVI for fan motors manufactured by Powermax for AVI.  At least 91,354 Powermax fan motors were invoiced directly from Powermax to AVI.  *Id* at ¶8.
- In approximately 2012, representatives from DMA and Powermax met with representatives from AVI at the Powermax manufacturing facility in Guangdong, China to give the AVI representatives a tour of the manufacturing facility where all motors sold to AVI from Powermax were being manufactured.  *Id* at ¶12.
- Powermax is insured by AIG Insurance Company of China and Chartis Insurance Company for roof ventilators and fan motors, with coverage for products sold "[w]orldwide, except Syria, Burma (Myanmar), Cuba, Iran and Sudan." *Id* at ¶17.
- Powermax's website affirmatively states that it purposefully sells and exports 100% of its products to the United States' market and others, that it enjoys an important status in the American market and its fans take more than 10% in the American market and that in 1993 it won major contracts in the United States with companies such as Kmart and Walmart.  *See*  Response at Exhibit B-2, B-3, B-4.
- KOF is an entity that owns or controls Powermax, has shared ownership with Powermax and/or is a joint venture with Powermax to distribute Powermax manufactured products throughout the United States, including Arizona.  *Id* at ¶16.

Once plaintiffs make a *prima facie* showing of jurisdiction, the burden is on the defendant to rebut jurisdiction. *Macpherson Taglione,* 158 Ariz. 309, 311-12 (App. 1988).  Third-Party Defendant Powermax has alleged the following facts to rebut personal jurisdiction: [1]

---

[1] In resolving jurisdictional fact issues, the court may consider affidavits and exhibits without converting the motion to dismiss into one for summary judgment. *Rollins v. Vidmar,* 147 Ariz. 494, 496 (App. 1985).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-055445 04/08/2021

- Powermax is in the business of manufacturing and selling electric motors for installation into attic ventilation fans. *See* Motion to Dismiss at Exhibit A ¶8.
- Powermax sold all of these fan motors to its customer DMA which is a separate company based in China. DMA then sold and shipped all fan motors purchased from Powermax to its customers in the United States. *Id*.
- Powermax has never entered into any written transaction, contract or agreement in Arizona. It does not own, lease or rent any real property in Arizona. It does not send representatives or employees to Arizona for repair of any products or other company business. *Id.* at ¶9, 11, 13.
- Powermax designs some products for eventual sale in the United States market, but does not design any of its products, including the electric motor it manufactured for use in attic ventilation fans, specifically for the Arizona market. *Id* at 23.

Arizona courts apply a three-part test to determine whether the exercise of specific personal jurisdiction comports with due process: (1) the non-resident defendant must purposefully avail itself of the privilege of conducting business in Arizona, thereby invoking its benefits and protections; (2) the plaintiff's claim must arise out of or relate to the defendant's contact with Arizona; and (3) the exercise of jurisdiction must be reasonable. *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, ¶ 7 (2000); *Beverage v. Pullman & Comley LLC,* 232 Ariz. 414, 417 ¶9 (App. 2013)(quotation marks and citation omitted)(order affirmed as modified in *Beverage v. Pullman & Comley LLC,* 234 Ariz. 1 (2014)); *Van Heeswyk v. Jabiru Aircraft Pty, Ltd.*, 229 Ariz. 412, 420 ¶9 (App. 2012)(noting that the Arizona Supreme Court has adopted a "holistic approach" to personal jurisdiction, in which there is "no mechanical formula" and the facts of each case must be weighed individually to consider all of the contacts between the defendant and the forum state and whether the defendant engaged in purposeful conduct for which it could reasonably be expected to get haled into an Arizona court with respect to that conduct).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *See Burger King Corp. v. Rudzewics*, 471 U.S. 462, 472 (1985)(citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)). "By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign . . . gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurances as to where that conduct will and will not render them liable to suit." *Id.* (internal markings and citations omitted). Personal jurisdiction is proper where a defendant purposefully directs its activities at residents of the forum because that purposeful direction gives the defendant "fair warning" that it may be subjected to that forum's jurisdiction. *See Burger King*, 471 U.S. at 472.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-055445                                                                04/08/2021

In this case, Powermax acknowledged that 100% of its fan motors were designed <u>for AVI and for the United States market</u>. It acknowledged that 100% of its fan motors were "sold" to DMA which were then sold/distributed to AVI for the United States market. Powermax presented no credible evidence to rebut the evidence showing it purposefully directed, and continues to direct, its fan motors into the United States and that millions of those fan motors entered the United States, some specifically into Arizona. These are not insignificant sales numbers. Powermax did not design a rare product which made its way into the Arizona market in an unforeseen way. It produced millions of fan motors to be specifically incorporated into American made and American distributed ventilation units. Thus, Powermax was given fair warning that its business activities could subject it to Arizona's jurisdiction. Additionally, AVI presented evidence which Powermax did not sufficiently rebut showing that DMA and KOF are joint ventures of Powermax and that these companies' websites all appear to intertwine.

Powermax clearly purposefully availed itself of the privilege of conducting business in Arizona by directing over two million of its fan motors into the United States for incorporation into a product which would obviously be shipped across the country, to include Arizona.

AVI's claim clearly arises out of or relates to Powermax's contact with Arizona as the fire allegedly resulted from the failure of the fan motor manufactured by Powermax.

Finally, exercising jurisdiction over Powermax is reasonable. Advances in technology reduce the burden significantly for Powermax in defending itself in an Arizona court. Arizona has a significant interest in protecting its residents from faulty or dangerous products, and AVI has an interest in obtaining relief in Arizona as it is currently the defendant in this lawsuit.

**THE COURT FINDS** AVI has established a prima facie case for specific personal jurisdiction.

**THE COURT FURTHER FINDS** Powermax has failed to sufficiently rebut AVI's evidence.

**IT IS THEREFORE ORDERED** denying Powermax's Motion to Dismiss for Lack of Personal Jurisdiction filed September 22, 2020.